# Porter, Appellant, *v.* Scranton City.

*Road law—Change of grade—Damages—Viewers—Trespass:*

In an action of trespass against a city to recover damages for the destruction of a business caused by the construction of a viaduct, and the change of grade of a street, where no negligence is alleged, the plaintiff is not entitled to recover, where it appears that the plaintiff had been previously awarded damages by viewers for the injuries caused by the public improvement.

Submitted March 6, 1908. Appeal, No. 6, Jan. T., 1907, by plaintiffs, from order of C. P. Lackawanna Co., Sept. T., 1904, No. 1,257, overruling exceptions to report of referee in case of Alamanza Porter v. City of Scranton. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to report of S. B. Price, Esq., referee.

EDWARDS, P. J., filed the following opinion:

There is only one question in this case and the referee has correctly disposed of it.

It appears that the city of Scranton in the construction of the viaduct on West Lackawanna avenue elevated the grade of the avenue in front of plaintiffs' property from eight to eleven feet. Viewers were appointed and the plaintiffs were awarded $4,500 damages. Afterwards, by agreement, judgment was entered in favor of the plaintiffs for $4,000. At the time of construction of the viaduct and the change of grade of the street the plaintiffs were engaged in the junk business and the building erected on their land was adapted for that business. The referee has found that the change of grade rendered the premises unfit, if not useless, for the business of the plaintiffs; at least it seriously affected its use for that purpose. Plaintiffs in the present action seek to recover for loss of profits, the evidence being that the profits were from $150 to $200 a month. None of the personal property was taken or destroyed.

The authorities cited by the referee sustain his conclusion. We need not go over them again.

Now, April 29, 1907, the exceptions to the report of the referee are overruled and we direct judgment to be entered in accordance with the recommendation of the referee.

*Error assigned* was the order of the court.

*George M. Watson, A. A. Vosburg* and *Charles W. Dawson,* for appellant.

*David J. Davis,* city solicitor, and *H. R. Van Deusen,* assistant city solicitor, for appellee.

PER CURIAM, April 20, 1908:
The nature of this case, which was an action of trespass, is clearly and concisely set forth in the opinion filed by the learned president judge of the court below.

The learned referee concludes his discussion of the case as follows:

"The plaintiffs appeared before the viewers and obtained an award and afterwards entered judgment by agreement.

In those proceedings they were entitled to judgment for all damages occasioned to the property, and the viewers could take into consideration the use of the premises for the business carried on upon them at that time, and the value might in this way be enhanced. At any rate, such use could be put in evidence for the purpose of obtaining the actual value before and after the construction of the viaduct. I know of no other element of damage involving the value or injury to business that may be considered." It should be noticed, in connection with the foregoing, that negligence is not alleged in the plaintiff's statement of claim in the present case. We think it clear, therefore, that the court below was right in sustaining the referee's conclusion of law, which was to the effect that the plaintiff had shown no cause of action.

The judgment is affirmed.